UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| BARBARA O'BOYLE, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>v.<br><br>COMENITY BANK,<br><br>        Defendant. | Case No.: 16-cv-1401<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>**Jury Trial Demanded** |

Plaintiff Barbara O'Boyle (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief as follows:

## NATURE OF ACTION

1. Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Defendant in negligently, knowingly and/or willfully placing telephone calls to Plaintiff's and Class members' cellular telephones without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA").

2. Defendant has violated the TCPA by contacting Plaintiff and Class members on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), without their prior express consent within the meaning of the TCPA.

3. Plaintiff brings this action for actual damages, injunctive relief and statutory damages resulting from Defendant's illegal actions.

## JURISDICTION AND VENUE

4. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 28 U.S.C. § 1331; 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 753 (2012) (holding that federal courts have federal question jurisdiction over TCPA claims.).

5. This Court has personal jurisdiction over Defendant because the conduct at issue occurred in or was directed toward individuals in the state of Wisconsin. Plaintiff received automated telephone calls to her cellular telephone from Defendant after Plaintiff had revoked her consent for such calls. Defendant made automated telephone calls to cellular telephones, including Plaintiff's, that are assigned a Wisconsin-based telephone number. Defendant has established minimum contacts showing it has purposefully availed itself to the resources and protection of the State of Wisconsin. Defendant does substantial business in Wisconsin.

6. Venue is proper in the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because a substantial part of the events giving rise to the claims, namely automated telephone calls to persons in this District and debt collection activities, occurred in this District.

**PARTIES**

7. Plaintiff Barbara O'Boyle ("O'Boyle") is an individual citizen of the State of Wisconsin, who resides in Oak Creek, Milwaukee County, Wisconsin.

8. Plaintiff is a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that she engaged in consumer credit transactions. Wis. Stat. § 421.301(10).

9. Defendant Comenity Bank ("Comenity") is a national bank with its primary place of business at Delaware Corporate Center I, One Righter Parkway, Suite 100, Wilmington, Delaware 19803.

2

10. Comenity is engaged in the business of collecting debts owed to itself and others that were incurred for personal, family or household purposes.

11. The alleged debt that Comenity was attempting to collect from Plaintiff arose from alleged purchases on Plaintiff's "Boston Store" and other personal credit card accounts, issued and serviced by Comenity.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA), 47 U.S.C. § 227

12. In 1991, Congress enacted the TCPA, in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call, including sending a text message, to a wireless number in the absence of an emergency or the prior express written consent of the called party.

14. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls and texts whether they pay in advance or after the minutes are used.

15. The FCC, has ruled that the word "call" in the TCPA includes both voice calls and text calls, and applies whether the text messages were sent by regular telephone transmission or over the internet to a wireless device. "TCPA Omnibus Declaratory Ruling and Order," FCC 15-72 at 56-62 (July 10, 2015), (available at "https://www.fcc.gov/document/tcpa-omnibus-

declaratory-ruling-and-order.") (Reaffirming the FCC's 2003 ruling that text messages are "calls" under the TCPA and further ruling that text messages sent "internet to phone" and by other sources are also "calls.")

16. The TCPA "generally prohibits autodialed calls to wireless phones," but "provides an exception for autodialed and prerecorded message calls...made with the prior express consent of the called party." *Balschmiter v. TD Auto Fin. LLC*, 303 F.R.D. 508, 512 (E.D. Wis. 2014) citing *In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559 ¶ 9 (Jan. 4, 2008); 47 U.S.C. § 227(b)(1)(A)(iii).

17. On February 15, 2012, the FCC released a Declaratory Ruling wherein it clarified that a party must obtain ***prior express written consent*** from the recipient prior to making automated calls to the recipient's cellular telephone. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("2012 FCC Declaratory Ruling"), 27 F.C.C.R. 1830, 27 FCC Rcd. 1830, 55 Communications Reg. (P&F) 356, 2012 WL 507959 (Feb, 15, 2012), at ¶ 2.

18. The FCC recently updated its rules on consent, requiring "prior express written consent" for calls or SMS text messages that contain an "advertisement" or "telemarketing." *See* 47 C.F.R. § 64.1200(f)(8).

19. In the same omnibus order, the FCC clarified "that a called party may revoke consent at any time and through any reasonable means. A caller may not limit the manner in which revocation may occur." TCPA Omnibus Declaratory Ruling and Order," FCC 15-72 at 29-30.

20. The Court is bound by all of the FCC's final orders relating to the TCPA. *Balschmiter v. TD Auto Fin. LLC*, 303 F.R.D. 508, footnote 4 (E.D. Wis. 2014) citing *CE*

4

*Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 446 (7th Cir. 2010) (holding that under the Hobbs Act, the FCC's TCPA orders are binding); *Media, Inc.*, 606 F.3d 443, 446 (7th Cir. 2010) (holding that under the Hobbs Act, the FCC's TCPA orders are binding).

## FACTUAL ALLEGATIONS

21. At all times relevant, O'Boyle is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

22. O'Boyle originally provided her cellular telephone number, ending in 4647, to Comenity. O'Boyle had two accounts with Comenity, including a Boston Store-branded credit card which is issued and serviced by Comenity. https://d.comenity.net/bostonstore/

23. After O'Boyle was unable to make payments on her accounts, Comenity began calling O'Boyle's cellular telephone repeatedly.

24. On August 18, 2016, O'Boyle sent two letters by certified mail with a return receipt to Comenity. In the letter, O'Boyle revoked consent to call O'Boyle's cellular phone. A copy of both letters is attached as Exhibit A.

25. The return receipts, attached as Exhibit B, were stamped "August 23, 2016," and reflects that "Tom Gil" signed for Exhibit A on behalf of Comenity.

26. Comenity placed several additional telephone calls to O'Boyle's cellular telephone after Comenity received Exhibit A:

    a. August 23, 2016, at 10:52 AM, 4:51 PM, 6:50 PM and 8:12 PM

    b. August 24, 2016, 6:15 PM and 8:09 PM

    c. August 25, 2016, 10:48 AM and 4:30 PM

5

27. The call history on O'Boyle's cellular phone indicates that all of the calls listed above were made from the numbers "913-312-3216," "614-729-6086," and "720-728-3200." All of these telephone numbers belong to Comenity.

28. Comenity is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39) ("The term 'person' includes an individual, partnership, association, joint-stock company, trust, or corporation.")

29. All telephone contact by Comenity to O'Boyle on her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

30. The telephone number that Comenity used to contact O'Boyle, made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

31. On August 23, 2015, O'Boyle revoked any "prior express consent" given to Comenity to place telephone calls or text messages to O'Boyle's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

32. Comenity's telephone calls/texts to O'Boyle's cellular phone were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

33. Comenity's telephone calls, placed to O'Boyle's cellular phone utilizing an "automatic telephone dialing system" for non-emergency purposes and in the absence of O'Boyle's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

34. Under the TCPA, the burden is on Defendants to demonstrate that Comenity currently had prior express consent within the meaning of the statute.

35. The Seventh Circuit has held that the "'called party' in § 227(b)(1) means the person subscribing to the called number at the time the call is made." *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012); *see also Osorio v. State Farm Bank*, F.S.B., 746 F.3d 1242, 1251-52 (11th Cir. 2014) ("called party" means the current subscriber and not the prior subscriber or intended recipient for purposes of the TCPA).

## COUNT I

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

36. O'Boyle incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

37. The foregoing acts and omissions of Comenity constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

38. As a result of Comenity' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, O'Boyle and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

39. O'Boyle and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA and WCA by Comenity in the future. O'Boyle and Class members are also entitled to an award of attorneys' fees and costs.

## COUNT II

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

40. O'Boyle incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

41. The foregoing acts and omissions of Comenity constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

42. As a result of Comenity' violations of 47 U.S.C. § 227 *et seq.*, O'Boyle and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. O'Boyle and Class members are also entitled to and do seek injunctive relief prohibiting Comenity' violation of the TCPA in the future.

44. O'Boyle and Class members are also entitled to an award of attorneys' fees and costs.

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

46. Plaintiff brings this action on behalf of a class, defined as:

> All persons within the United States who, on or after October 18, 2012, received a non-emergency text message from or on behalf of Comenity to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice, and who revoked prior express consent to contact the person's cellular phone by contacting Comenity in writing.

Plaintiff O'Boyle represents, and is a member of, the Class. Excluded from the Class is Defendant Comenity and any entities in which Comenity or its parent company has a controlling interest; Comenity's agents and employees; any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

47. O'Boyle does not know the exact number of members in the Class, but O'Boyle reasonably believes that Class members number at minimum in the hundreds, if not thousands.

48. O'Boyle and all members of the Class have been harmed by the acts of Comenity. Comenity's autodialed calls to Plaintiff's and class members' cell phones after they revoked consent invade the class members' privacy, a harm which the TCPA was expressly created to remedy. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 132 S. Ct. 740, 745 (2012) ("In enacting the TCPA, Congress made several findings relevant here. 'Unrestricted telemarketing,' Congress determined, 'can be an intrusive invasion of privacy.' TCPA, §2, ¶5, 105 Stat. 2394, note following 47 U.S.C. §227 (Congressional Findings) (internal quotation marks omitted)). Plaintiff and class members wasted time answering or addressing robocalls.

49. The TCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972 *6 (N.D.W. Va. June 30, 2016) ("merely asserting a 'bare procedural violation, divorced from any concrete harm,' will not satisfy the concreteness requirement. This observation has little application to claims under the TCPA, since those claims are not based on 'bare procedural' rights, but rather on substantive prohibitions of actions directed toward specific consumers.") (internal citations omitted); *See also Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing in a Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") action, based upon alleged statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*,

9

No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)).

50. This Class Action Complaint seeks injunctive relief and money damages.

51. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Comenity and/or its agents.

52. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

  a. Whether Comenity and/or its agents made non-emergency calls/texts to O'Boyle's and Class members' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice;

  b. Whether Comenity can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), to make such calls;

  c. Whether Comenity' conduct was knowing and/or willful;

  d. Whether Comenity is liable for damages, and the amount of such damages; and

  e. Whether Comenity should be enjoined from engaging in such conduct in the future.

53. O'Boyle asserts claims that are typical of each Class member. O'Boyle will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

54. O'Boyle has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

55. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Comenity is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

56. Comenity has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, O'Boyle alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## JURY DEMAND

57. O'Boyle hereby demands a trial by jury.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendant:

A.    Injunctive relief prohibiting such violations of the TCPA and WCA by Defendant in the future;

B.    As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff O'Boyle seeks for herself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C.    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff O'Boyle seeks for herself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

D.    As a result of Defendant's violations of Wis. Stat. § 427.104(1)(L), an award of the greater of $100 to $1,000 or actual damages per class member;

E.    An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

F.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

G.    Such other relief as the Court deems just and proper.

Dated: October 18, 2016

                              **ADEMI & O'REILLY, LLP**

                        By:   /s/ John D. Blythin
                               Shpetim Ademi (SBN 1026973)
                               John D. Blythin (SBN 1046105)
                               Mark A. Eldridge (SBN 1089944)
                               Denise L. Morris (SBN 1097911)

3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com